**Gypsy L. ROGERS, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

**No. 01–3115.**

United States Court of Appeals, Federal Circuit.

May 11, 2001.

Rehearing Denied June 28, 2001.

Before RADER and DYK, Circuit Judges, PLAGER, Senior Circuit Judge.

PER CURIAM.

Gypsy L. Rogers petitions for review of the November 17, 2000, decision of the Merit Systems Protection Board (Board), No. DC–844E–00–0768–I–1, affirming the Office of Personnel Management's (OPM's) denial of Ms. Rogers' application for disability retirement. Because Ms. Rogers raises no issues within the jurisdiction of this court, this court *dismisses*.

I.

Ms. Rogers resigned from her position as an accountant with the United States Department of State on March 7, 2000.

Before her resignation, Ms. Rogers submitted a timely application for disability retirement under the Federal Employees' Retirement System. In her application, Ms. Rogers alleged that she was unable to perform her job duties due to pain in her left foot and leg, hips, and back.

On June 19, 2000, OPM denied Ms. Rogers' application. OPM found that Ms. Rogers did not show a disabling medical condition that prevented her from performing the essential duties of her position. Ms. Rogers requested OPM to reconsider its decision. On August 18, 2000, OPM affirmed .its initial decision. Ms. Rogers next appealed OPM's denial of her application for disability benefits to the Board. On November 17, 2000, the Board affirmed OPM's denial of Ms. Rogers' application.

## II.

■ This court may not review the factual underpinnings of OPM's disability retirement decisions. *Lindahl v. Office of Pers. Mgmt.,* 470 U.S. 768, 791, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985); *Anthony v. Office of Pers. Mgmt.,* 58 F.3d 620, 624–26 (Fed.Cir.1995). Instead, this court may only review such OPM decisions to determine whether "there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error 'going to the heart of the administrative process.'" *Id.* (quoting *Scroggins v. United States,* 184 Ct.Cl. 530, 397 F.2d 295, 297 (1968)).

■ On appeal, Ms. Rogers makes two arguments. First, Ms. Rogers asserts that the medical evidence she submitted to OPM and the Board was never "reviewed by anyone qualified to do so." In other words, Ms. Rogers argues that neither the Board nor OPM gave proper weight to her medical evidence. Second, Ms. Rogers argues that the Board did not "take into account [her] addendum showing how OPM construed [her] claim to affect a denial." These are precisely the kind of arguments that this court is not empowered to consider because they question squarely the "factual underpinnings" of the disability determination in Ms. Rogers' case.

## CONCLUSION

This court dismisses Ms. Rogers' petition for lack of jurisdiction.